IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cr38

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| MARKCUS JOHNSON ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant to suppress evidence located by police in the search of a vehicle (Doc. No. 19) and the government's response (Doc. No. 20).

According to the defendant's motion, he was a passenger in a car stopped for an alleged seat belt violation. (Doc. No. 19: Motion at 1). However, the defendant only contests the search of the car, not the stop. (Id. at 1-2). Before a defendant may contest a search, he must establish a reasonable expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). Here, the defendant has not alleged any facts that would establish his standing to raise his claim. United States v. Carter, 300 F.3d 415, 421 (4th Cir. 2002). Thus, he is not entitled to a hearing on his motion to suppress. United States v. Espinoza-Seanez, 862 F.2d 526, 536 (5th Cir. 1989) (to warrant a hearing, defendant must allege facts that, if true, would entitle him to relief) (cited in United States v. Smith, 927 F.2d 598, 1991 WL 29043, at *3 (4th Cir. 1991) (unpublished decision) (hearing not required where defense counsel submitted a "bare bones" suppression unsupported by any factual allegations or case law).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED without prejudice**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: July 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge