UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-494-RJC
(3:11-cr-38-RJC-1)

| MARKCUS JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Opposition, (Doc. No. 12).

**I. BACKGROUND**

On August 28, 2010, Charlotte-Mecklenburg police officers stopped a gray Ford Crown Victoria driven by an individual not wearing her seatbelt as required by state law. (Criminal Case No. 3:11-CR-38-RJC-1, Doc. No. 28 at 3-5; 6-14: Presentence Report). The vehicle was occupied by six individuals, including Petitioner, who was sitting in the front middle seat. (Id. at 3). Officers performed a protective sweep of the vehicle and recovered three firearms and various rounds of ammunition. (Id. at 4). The occupants of the vehicle were arrested, and several of them gave statements to law enforcement officers. (Id.). Petitioner admitted that he knew there were firearms in the vehicle. (Id.). In jail calls later reviewed by law enforcement officers, Petitioner admitted that he was attempting to take the firearms to another person's house. (Id.).

1

On February 15, 2011, a grand jury charged Petitioner with possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, under 18 U.S.C. § 922(g)(1). (Id., Doc. No. 5: Indictment). On July 27, 2011, Petitioner pleaded guilty to that offense. (Id., Doc. No. 22 at 4: Acceptance and Entry of Guilty Plea). Magistrate Judge David Keesler conducted a plea colloquy, during which Petitioner affirmed under oath that he understood the charge against him; that he understood that he had the right to plead not guilty; that he was, in fact, guilty of the offense; and that he wished to plead guilty. (Id. at 2-3). Judge Keesler accepted Petitioner's guilty plea after finding that it was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties, and consequences of his plea. (Id. at 4).

The Presentence Report prepared by the probation officer identified Petitioner as subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[1] (Id., Doc. No. 28 at 6). This Court agreed that the ACCA applied and on October 17, 2012, the Court sentenced Petitioner to 195 months in prison.[2] (Id., Doc. No. 30: Judgment). Petitioner did not appeal. On August 30, 2013, Petitioner filed his timely motion under 28 U.S.C. § 2255, in which he argues that his attorney was constitutionally deficient for failing to raise two objections to his sentence under the ACCA. Petitioner first contends that his attorney should have objected to the application of the ACCA on the ground that several of his prior convictions were consolidated for sentencing. Second, Petitioner contends that his attorney should have challenged his

---

[1] The ACCA imposes a mandatory minimum prison sentence of 15 years for any "person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."
[2] Based on a total offense level of 30, and a criminal history category of VI, the guideline range for imprisonment was 168 to 210 months. However, based on the statutory mandatory minimum sentence of 180 months, the guideline range was 180 to 210 months. (Id., Doc. No. 28 at 19).

sentence based on the Supreme Court's decision in Alleyne v. United States, which held that any fact—other than the fact of a prior conviction—that increases a defendant's statutory mandatory minimum sentence is an element of the offense and must be submitted to a jury and found beyond a reasonable doubt. 133 S. Ct. 2151, 2155, 2160 n.1 (2013).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell,

3

506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

1. **Petitioner's contention that trial counsel rendered ineffective assistance by failing to challenge the use of prior convictions that had been consolidated for sentencing to determine whether Petitioner was subject to the ACCA.**

In his first claim, Petitioner argues that because several of his prior offenses were consolidated for sentencing, he is not subject to the ACCA, and his attorney's failure to object to the application of the ACCA was constitutionally deficient. (Doc. No. 1 at 6). Petitioner's claim is without merit. As the Fourth Circuit has explained, "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate

4

predicate offenses." United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Under the plain language of the statute, "[t]he only requirement is that the predicate offenses be 'committed on occasions different from one another.'" Id. (quoting 18 U.S.C. § 924(e)(1)). Petitioner's prior offenses, at least three of which occurred on different dates, plainly meet this standard. Petitioner's attorney could reasonably have concluded that a challenge to the use of convictions consolidated for sentencing would have been meritless, and Petitioner cannot show prejudice because a meritless objection would have been unlikely to succeed.[3] Petitioner's additional contention that the application of the ACCA somehow "interfered with the State Court proceedings" that gave rise to his prior convictions is also meritless. See (Doc. No. 1 at 8). This Court's judgment did nothing to disturb his prior state convictions.

In sum, Petitioner's first claim of ineffective assistance of counsel is without merit.

**2. Petitioner's contention that trial counsel rendered ineffective assistance by failing to challenge Petitioner's sentence under <u>Alleyne</u>.**

In his second claim, Petitioner asserts that this attorney was constitutionally deficient for declining to challenge his sentence under Alleyne, a decision by the Supreme Court issued several months after he was sentenced. This claim is also without merit. The ACCA increased Petitioner's mandatory minimum sentence based only on the fact of his prior convictions. Alleyne does not require the fact of a prior conviction to be included in an indictment, found by a jury, or proven beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2160 n.1 (citing Almendarez-

---

[3] To the extent that Petitioner is seeking relief under United States v. Davis, 720 F.3d 215 (4th Cir. 2013), the holding in Davis does not apply in the context of the ACCA. See United States v. Benn, Nos. 12-4522, 12-4803, 12-4804, 12-4851, 2014 WL 2109806, at *12 (4th Cir. May 21, 2014) (concluding that the holding in Davis—that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement—does not apply in the ACCA context).

Torres v. United States, 523 U.S. 224 (1998)). Petitioner's attorney could reasonably have concluded that an argument to the contrary would have been meritless, and because that conclusion would have been correct, see Almendarez-Torres, 523 U.S. at 226-27, Petitioner cannot establish prejudice.

In sum, Petitioner's second claim of ineffective assistance of counsel is without merit.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

_____
Robert J. Conrad, Jr.
United States District Judge